IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) NICK'S PATIO, INC., ) ) Defendant. ) ) | CIVIL ACTION NUMBER 3:12CV 545 COMPLAINT JURY TRIAL DEMAND |

## Nature of the Action

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Tiffany Williams, who was adversely affected by such practices. The Commission alleges that Defendant reduced the hours of and ultimately terminated the employment of Tiffany Williams because of her pregnancy, in violation of Title VII. The Commission also alleges that Defendant has failed to retain records relevant to the Commission's investigation of Tiffany Williams's charge of discrimination, in violation of Title VII.

## Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. 2000e-5(f)(1) and (3) and section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, South Bend Division.

## Parties

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Nick's Patio, Inc., has continuously been an Indiana corporation doing business in the State of Indiana and the City of South Bend, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. 2000e(b), (g), and (h).

## Statement of Claims

6. More than thirty days prior to the institution of this lawsuit, Tiffany Williams filed Charge of Discrimination Number 846-2011-31469 with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2010, Defendant has engaged in unlawful employment practices at its South Bend, Indiana facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1). Defendant maintains a policy that requires an employee to notify the Defendant when she learns she is pregnant. Defendant's unlawful practices include (i) reducing Tiffany Williams's working hours in August 2010 when, pursuant to Defendant's policy, she notified the Defendant that she was pregnant; and (ii) terminating Tiffany Williams's employment on or about January 23, 2011 because of her pregnancy.

8. The effect of the practice complained of in paragraph 7 has been to deprive Tiffany Williams of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. Since at least October 13, 2011, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

10. The unlawful employment practices complained of in paragraph 7 were intentional.

11. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Tiffany Williams.

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating employees because of their sex and pregnancy, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out polices, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Tiffany Williams by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII, 42 U.S.C. 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

E. Order Defendant to make whole Tiffany Williams by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not

limited to out-of-pocket expenses, job-search expenses, costs of insurance premiums, and medical expenses, plus prejudgment interest, in amounts to be determined at trial.

F. Order Defendant to make whole Tiffany Williams by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, including but not limited to emotional pain and suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

G. Order Defendant to pay Tiffany Williams punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

*/s/ Laurie A. Young*
Laurie A. Young
Regional Attorney

*/s/ Michelle Eisele*
Michelle Eisele
Supervisory Trial Attorney

*/s/ Jonathan Bryant*
Jonathan Bryant
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204
Jonathan.bryant@eeoc.gov
(317) 226-5588
Fax: (317) 226-5571